J. H. PARKINSON v. M. A. HOYT, Executor of the Estate of MARY A. HOYT, Deceased, Appellant.

**Principal and surety:** RELATIONSHIP: DISCHARGE.    One who was originally liable on a written instrument for the payment of a

debt is not released by the discharge of a surety without his consent. In this action the defendant is held to have been an original obligor and therefore not discharged by the release of another who was a surety merely.

*Appeal from Jackson District Court.*—HON. A. J. HOUSE, Judge.

THURSDAY, JUNE 16, 1910.

THE opinion states the case.—*Affirmed.*

*Thomas & Thomas* and *C. C. Cole,* for appellant.

*W. C. Gregory,* for appellee.

SHERWIN, J.—In May, 1903, Samuel Andrews and C. W. Starr executed and delivered to the plaintiff their promissory note for $190, due in one year. As a matter of fact, Andrews was the principal debtor and Starr a surety only, and to secure Starr Andrews gave him his note for $190 and secured the same by a mortgage. In August, 1903, Mary A. Hoyt was indebted to Samuel Andrews in the sum of $90, and it was then agreed between all parties concerned that M. A. Hoyt should pay that amount to the plaintiff herein, and that it should operate as a payment of $90 on the note of $190 executed by Andrews and Starr to the plaintiff. In pursuance of said agreement, Andrews paid $100 of the principal and the interest due on the note to plaintiff, and M. A. Hoyt signed the note as a maker and delivered it back to the plaintiff. Thereupon Starr surrendered the security that Andrews had given him.

The appellant's principal contention is that M. A. Hoyt was a surety on said note, and that the release of Starr without her consent released her. The trouble with the appellant's position is that he falsely assumes that M. A.

Hoyt was a surety. No question of suretyship is in the case in our judgment. M. A. Hoyt undertook to pay the plaintiff, not for the benefit of Andrews, but for the purpose of paying her own debt to Andrews. It was an original obligation on her part, as binding as it would have been had she signed her name to a note for $90 which bore no other signatures. The transaction amounted to no more, nor no less, than the giving to the plaintiff of her own note for $90. No question of negotiability is involved herein, and it makes no difference whether the instrument be called a note or a simple written contract. It is a written promise to pay a just debt, and should be enforced.

The judgment of the trial court, allowing the claim, is right, and it is *affirmed.*